Rebecca W. Lineberry, Esq.
McGuireWoods LLP
500 East Pratt Street, Suite 1000
Baltimore, MD 21202
410-659-4414 / 410-659-4475 (Facsimile)
rlineberry@mcguirewoods.com

*Counsel for Defendant Bank of America, N.A.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JMP,<br><br>Plaintiff,<br><br>v.<br><br>Bank of America,<br><br>Defendant. | Case No. 1:26-03154-ESK-EAP<br><br>**DEFENDANT BANK OF AMERICA'S ANSWER TO COMPLAINT** |

## Answer

Defendant Bank of America, N.A.[1] ("Defendant" or "Bank of America"), by and through the undersigned counsel, hereby answers the *pro se* Complaint for Employment Discrimination ("Complaint") filed by JMP ("Plaintiff"). Defendant responds to the allegations in the correspondingly numbered sections of the Complaint as follows:

[1] Plaintiff named "Bank of America" as the defendant in this matter. Plaintiff was employed by Bank of America, N.A., which is the proper defendant.

I.A. Upon information and belief, Defendant admits the allegations of Section I.A.

I.B. Defendant admits that Plaintiff has named Bank of America as a Defendant in this action, and that Bank of America's corporate address is 100 North Tryon Street, Charlotte, NC 28255. Defendant denies the remaining allegations of Section I.B.

I.C. Defendant denies the allegations of Section I.C.

II. Defendant admits that Plaintiff purports to bring this action pursuant to the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117 ("ADA"), but denies that it violated the ADA.

III.A. Defendant denies the allegations of Section III.A.

III.B. Defendant denies the allegations of Section III.B.

III.C. Defendant denies the allegations of Section III.C.

III.D. Defendant denies the allegations of Section III.D.

III.E. Section III.E references a separate page, which contains a lengthy paragraph without any numbering. Defendant has copied below all of the sentences in that paragraph and numbered them, and included its answers to those allegations as follows:

1. On February 12, 2013 I was hired as a Branch Manager. I was always a responsible employee and very often recognized as a top performer. Always performed without any issues for over 8 years.

**ANSWER**: Defendant admits that Plaintiff was hired in February 2013, but denies the remaining allegations of Paragraph 1.

2. In 2021 I got infected with Covid at work and got very sick. My oxygen levels dropped dramatically and caused serious damage to my brain and other organs. It took me about 2 months to partially recover and after that I started having frequent seizures and was diagnosed with epilepsy.

**ANSWER**: Upon information and belief, Defendant admits that at some point Plaintiff was diagnosed with epilepsy. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 2 and therefore denies the same.

3. In June of 2021 because of my medical condition I had to go on short term leave of absence while medical testing and treatments were being performed.

**ANSWER**: Defendant admits that Plaintiff took a leave of absence in June of 2021. Defendant denies the remaining allegations of Paragraph 3.

4. In December of 2021 my doctor requested an accommodation from BOA in order for me to work remotely since at that time I was having seizures and couldn't drive and also I couldn't perform the branch manager role duties. My request was denied even though there were dozens of new remote roles in the company posted at the time of my request.

**ANSWER**: Defendant admits that in December 2021 Plaintiff requested an accommodation of working from home. Defendant denies the remaining allegations of Paragraph 4.

5. Many other employees, even some of my direct reports, were granted accommodations to work from home for no medical reason simply because they didn't feel comfortable working in the branch during Covid and many stayed in those

remote positions after Covid but my request for a medical documented reason was denied.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 5 and therefore denies the same.

6. After 60 days of my doctor's request Bank of America communicated to me that in order for them to start a new job search for me I had to sign a form accepting my employment termination if they had no position for me in 60 days which I declined to sign.

**ANSWER**: Defendant denies the allegations of Paragraph 6.

7. During this time BOA also canceled my health insurance which left me with no medical treatment and medication for over 8 months until I was able to get state medical insurance. This caused additional damages to my brain as I didn't have medication to control my seizures and I was having them every day. I also lost my doctor and had to find a new doctor which delayed all my treatment as the new doctor had to start all the testing over again to give a new diagnosis. This could have been avoided if Bank of America would have allowed me to keep my job and medical insurance but instead they irresponsibly denied my doctors accommodation request and also knowing I needed medical care they also canceled my medical insurance.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's medical treatment, medications, or conditions during this time period and therefore denies the same. Defendant denies the remaining allegations of Paragraph 6.

8. All the bank kept forcing me to do was to go out on Leave of Absence that I wasn't requesting at the time, I simply wanted to work and earn my money as I did for many years before I became sick but the bank was not giving me that as an option. I was even willing to take a pay cut if necessary in order to transition to a new role in order to keep my employment but that was also ignored.

**ANSWER**: Defendant denies the allegations of Paragraph 8.

9. Three different doctors requested accommodations and provided all of my medical information and required documentation from the bank but the answer was always the same, my two options were to stay in the manager role in person at full capacity or stay on leave of absence. I even have a letter from BOA where they state that the bank had determined that I was disabled and not qualified to perform the duties of the manager role yet they kept forcing me to return to that role at full capacity.

**ANSWER**: Defendant denies the allegations of Paragraph 9.

10. On 3/2023 they closed my leave of absence case contradicting the previous referenced letter and saying I had to return to work in person to the manager role or my employment would be terminated.

**ANSWER**: Defendant denies the allegations of Paragraph 10.

11. In July of 2023 I returned to work in person to the branch manager role and as my doctors had said I was not able to perform that role any longer so I had to go out on unpaid LOA with no options, no income or accommodations from the bank.

**ANSWER**: Defendant admits that Plaintiff returned to work in July 2023.

Defendant denies the remaining allegations of Paragraph 11.

12. My doctors and I continued to request the accommodations but I always received the same negative response.

**ANSWER**: Defendant denies the allegations of Paragraph 12.

13. In November of 2023 I was informed my employment would be terminated soon if I didn't show up in person to work as a manager at full capacity again but this time they said no role was available for me in New Jersey and I would have to go to Pennsylvania if I wanted to keep my employment which was impossible for me because I was prohibited from driving and the bank knew that so driving to PA wasn't a realistic offer.

**ANSWER**: Defendant admits it offered Plaintiff a Financial Center Manager position in November of 2023 in Pennsylvania. Defendant denies the remaining allegations of Paragraph 13.

14. I was on unpaid leave of absence for almost a year.

**ANSWER**: Defendant admits that Plaintiff took unpaid leave of absence, but denies that it lasted for almost a year.

15. My children and I went through major suffering because of this medical situation and financial hardship.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 and therefore denies the same.

16. On January 8, 2024 my employment with Bank of America was terminated with no further consideration or explanation.

**ANSWER**: Defendant admits Plaintiff's employment with Bank of America was terminated in January 2024 but denies the remaining allegations of Paragraph 16.

17. I called the human resources dept and spoke to a case manager for over an hour, and he said would investigate and someone would call me back with more information but nobody ever called me again. They never returned my call or sent any further communication.

**ANSWER**: Defendant admits that Plaintiff spoke with someone in Employee Relations but denies the remaining allegations of Paragraph 17.

18. I was treated unfairly.

**ANSWER**: Defendant denies the allegations of Paragraph 18.

19. I became sick at work while working for this company, I was a healthy person before then.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 19 and therefore denies the same.

20. I suffered severe irreversible organ damages due to this illness and the bank didn't take any responsibility.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 20 and therefore denies the same.

21. The least they could do for me was to help me keep my employment in order to keep my medical treatment and some income but they even failed to do that. They granted requests for many other employees completely healthy but didn't take my request seriously. The damage caused not only physically but emotionally and financially is irreversible and they have to be held accountable for this.

**ANSWER**: Defendant denies the allegations of Paragraph 21.

IV.A. Defendant admits Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

IV.B. Defendant admits that the EEOC issued a Determination and Notice of Rights on January 6, 2026.

V. Defendant denies that Plaintiff is entitled to relief under any theory.

Defendant further responds to Plaintiff's Complaint by stating that any allegation not specifically admitted herein is denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are not actionable because Plaintiff cannot establish a *prima facia* case of disability discrimination, or failure to accommodate.

3. Plaintiff's claims are not actionable because they are barred in whole or in part by the applicable statute of limitations.

4. Plaintiff's claims are not actionable because no decision regarding Plaintiff's employment was motivated by discriminatory animus or other unlawful reason, and instead all decisions were made on the basis of legitimate and non-discriminatory reasons.

5. Plaintiff's claims are not actionable because Plaintiff cannot show that any reason offered by Defendant for the conduct with respect to Plaintiff was in any way or in any case a pretext for purposeful, intentional, and/or legally prohibited discrimination.

6. Defendant acted in good faith and with reasonable grounds for believing that its actions or omissions were not in violation of law and did not act malice or reckless indifference to protected rights.

7. Plaintiff's claims are not actionable because Defendant would have taken the same actions regardless of any of Plaintiff's alleged protected classification or activity.

8. Plaintiff's claims are not actionable because Plaintiff cannot establish she was qualified to perform the essential functions of her job, with or without reasonable accommodation.

9. Plaintiff's claims for damages are preempted, in whole or in part, by the applicable workers' compensation laws.

10. Plaintiff's claims are not actionable because Plaintiff's requested accommodations were not reasonable and/or placed an undue hardship on Defendants.

11. Plaintiff's claims are not actionable because Plaintiff failed to file a timely charge of discrimination or complaint with the appropriate administrative agency.

12. Plaintiff's claims are not actionable because Plaintiff failed to exhaust her administrative remedies and prerequisites and/or because Plaintiff's claims were not investigated or considered by the administrative agency.

13. Plaintiff's claims are not actionable to the extent that Plaintiff seeks damages in excess of the damages permitted by the Americans with Disabilities Act.

14. Defendant reserves the right to assert that some or all of Plaintiff's claims and/or her demands for relief are barred or otherwise not actionable because of the after acquired evidence doctrine.

15. Defendant reserves the right to assert that Plaintiff has failed to mitigate her damages, if any.

16. Defendant reserves the right to rely upon any other affirmative or further defenses established throughout the course discovery.

WHEREFORE, Defendant having answered Plaintiff's Complaint, respectfully requests that the Court dismiss all of Plaintiff's claims against Defendant with prejudice, enter judgment in favor of Defendant and against Plaintiff as to each of Plaintiff's claims, award Defendant its costs and reasonable attorneys' fees, and allow Defendant such other and further relief as the Court may deem just and proper in this case.

Dated: May 21, 2026

*<u>/s/ Rebecca W. Lineberry</u>*
Rebecca W. Lineberry, Esq.
McGuireWoods LLP
500 East Pratt Street, Suite 1000
Baltimore, MD 21202
410-659-4414 / 410-659-4475 (Facsimile)
rlineberry@mcguirewoods.com

*Counsel for Defendant*
*Bank of America, N.A.*

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Rebecca W. Lineberry, the undersigned attorney of record for Defendant, do hereby certify to my own knowledge and based upon information available to me, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 21, 2026

By: */s/ Rebecca W. Lineberry*
Rebecca W. Lineberry

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration because while Plaintiff does not allege the amount of damages she seeks, her annual salary was approximately $94,000 at the time her employment ended in January 2024. The ADA allows for back pay, compensatory, and punitive damages. Given that Plaintiff's employment ended over two years ago, Defendant reasonably estimates that Plaintiff seeks damages in excess of $150,000 exclusive of interests and costs, though Defendant denies that she is entitled to any damages.

Dated: May 21, 2026

By: */s/ Rebecca W. Lineberry*
Rebecca W. Lineberry

Rebecca W. Lineberry, Esq.
McGuireWoods LLP
500 East Pratt Street, Suite 1000
Baltimore, MD 21202
410-659-4414 / 410-659-4475 (Facsimile)
rlineberry@mcguirewoods.com

*Counsel for Defendant Bank of America, N.A.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JMP,<br><br>Plaintiff,<br><br>v.<br><br>Bank of America,<br><br>Defendant. | Case No. 1:26-03154-ESK-EAP<br><br>**CERTIFICATE OF SERVICE** |

I HEREBY CERTIFY that on this 21st day of May 2026, I caused a true and correct copy of the foregoing Defendant Bank of America, N.A.'s Rule 7.1 Corporate Disclosure Statement to be served via electronic filing, electronic mail, and U.S. first class mail, postage prepaid, on Plaintiff to the address and e-mail address Plaintiff listed in Section I.A. in her Complaint, which has now been sealed.

*/s/ Rebecca W. Lineberry*
Rebecca Lineberry